IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
(CIVIL DIVISION)

| | |
|---|---|
| GOVERNMENT EMPLOYEES INSURANCE COMPANY | * |
| | * |
| Plaintiff, | |
| | * |
| v. | CASE NO. 06-1196(JR) |
| | * |
| JENNIFER SHEEHY, et al. | |
| | * |
| Defendants. | |

**MEMORANDUM IN SUPPORT OF
PLAINTIFF'S MOTION FOR REMAND**

COMES NOW THE PLAINTIFF, Government Employees Insurance Company ("GEICO") by and through undersigned counsel, and submits this Memorandum In Support of Motion for Remand.

**FACTS**

On May 9, 1999, Jennifer Sheehy was injured in a single car collision in the District of Columbia. Her insurance carriers, Care First/Blue Cross and Medicare paid her medical expenses. Jennifer Sheehy was also an insured under an automobile liability policy with GEICO. The policy at issue had Personal Injury Protection Benefit Limits of $100,000 for medical expenses and $24,000 for lost income. Neither Care First/Blue Cross or Medicare would reimburse Ms. Sheehy for certain home nursing care that she required as a result of the accident. Ms. Sheehy made a claim for reimbursement from GEICO. To date, GEICO has paid $85,214.50 as reimbursement for medical expenses to Ms. Sheehy. GEICO has also paid $24,000 as

reimbursement for lost wages.  Ms. Sheehy continues to incur medical expenses as a result of the accident and is making a claim for the balance of the policy proceeds.

Medicare asserted a lien against the proceeds of GEICO's policy.  GEICO filed this complaint for interpleader pursuant to Section 31-2411(c) of the D.C. Code which grants jurisdiction to resolve disputes of this nature to the Superior Court for the District of Columbia.  GEICO is willing to pay into the court's registry the balance owed under the policy of $14,785.50.  GEICO asks that a court of law determine who is entitled to the proceeds of the automobile insurance policy under which Ms. Sheehy is an insured.

On June 29, 2006, the Department of Health and Human Services, Centers for Medicare & Medicaid Services, petitioned for the removal of this action to the United States District Court for the District of Columbia.   The grounds for removal are stated to be 28 U.S.C. § 1442(a)(1), which provides:

> **(a)** A civil action or criminal prosecution commenced in a State court against any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> **(1)** The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

### ARGUMENT

A suit is not automatically removable, without regard to the nature of the relief sought, merely because a federal agency is named as a party.  *State of New Jersey v. Moriarity,* 268 F. Supp. 546, 556 (D.N.J. 1967).  In other words, removal

under section 1442(a)(1) is not absolute. *Ford Credit Co. v. Automobile Ins. Co.,* 13 F.2d 415, 417 (E. D. Mich. 1926). The burden is on the party seeking removal to establish that it is proper and if there is any doubt in this regard, remand is required. *State of New Jersey v. Moriarity,* 268 F. Supp. at 554.

While section 1442(a)(1) has been recently expanded to enlarge the class of federal defendants entitled to remove, the types of actions that are removable under this provision must conform to the primary purpose of the statute. *Sheda v. The United States Department of the Treasury Bureau of the Public Debt,* 196 F. Supp. 743, 745 (N.D. Ill 2002). The primary purpose is to entitle federal employees and federal agencies to the protection of a federal forum in actions which threaten them with a monetary judgment or criminal proceedings. *State of New Jersey v. Moriarity,* 268 F. Supp. at 555. Actions which do not threaten personal liability or criminal penalties are not subject to removal under section 1442(a)(1) simply because they involve the alleged property interest of a federal agency. *Id.* at 556.

In deciding whether removal is proper under section 1442, considerations must be given to notions of comity and federalism. In this regard, the District of Columbia has enacted a statute which allows an insurance company to bring an action for interpleader in the Superior Court under these circumstances. Due regard must be given to the provisions of District of Columbia law. These considerations must be examined along side the fact that GEICO has not sued the Department of Health and Human Services for money damages or injunctive relief. Although there is a split of authority, several federal courts hold that action for interpleader is an *in rem* proceeding upon which no personal liability can attach. *General Atomic Co. v* .

*Duke Power Co.,* 553 F.2d 53, 57 (10th Cir. 1977); *General Acc. Group v. Gagliardi,* 593 F. Supp. 1080. 1089 (D. Conn. 1984). The property at issue is not actually or constructively in the possession of the Department, whose only claim is that of an inchoate lien. There is no threat of personal liability or criminal penalty against the Department. For this reason, this action is not removable under section 1442(a)(1). Accordingly, remand is required.

WHEREFORE, the premises considered, Plaintiff, Government Employees Insurance Company, prays that this Court remand these proceedings to the Superior Court for the District of Columbia.

                                RESPECTFULLY SUBMITTED,

                                BRAULT GRAHAM, PLLC

BY: _____
        James S. Wilson, Esquire, DC Bar #231191
        101 South Washington Street
        Rockville, Maryland 20850
        (301) 424-1060

        Attorneys for Plaintiff GEICO