UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GOVERNMENT EMPLOYEES INSURANCE COMPANY<br><br>                Plaintiff,<br><br>       v.<br><br>JENNIFER SHEEHY, et al.<br><br><br><br>                Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 06-1196 (JR)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### DEFENDANT UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, CENTERS FOR MEDICARE AND MEDICAID SERVICES' OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

Defendant United States Department of Health and Human Services, Centers for Medicare and Medicaid Services (CMS) opposes Plaintiff's Motion to Remand.

### BACKGROUND

On May 9, 1999, defendant Jennifer Sheehy was injured in a single car collision. Initially, Defendant CMS paid $54,228.99 of Ms. Sheehy's medical expenses associated with the accident. Another insurance company, Defendant Group Hospitalization and Medical Services Corp.(Care First BlueCross BlueShield), paid Ms. Sheehy's medical expenses associated with the accident.

Ms. Sheehy was also insured under an automobile liability policy with Plaintiff Government Employees Insurance Company (GEICO) issued to Terrance Sheehy. The GEICO policy contained a provision for Personal Injury Protection ("PIP") benefits limits of $100,000 for medical expenses. Pursuant to that policy, GEICO reimbursed Ms. Sheehy $85,214.50 for

out-of-pocket medical expenses. The remaining insurance proceeds of $14,785.50 were available to be paid to either CMS, Ms. Sheehy or Ms. Sheehy's primary insurer, Carefirst BlueCross BlueShield.

GEICO then filed a Complaint for Interpleader in the Superior Court for the District of Columbia. Plaintiff asserted that "plaintiff is willing and seeks to pay into this Court the balance of its policy limits, $14,785.50, and requested "that all Defendants be ordered to settle among themselves their rights and claims to this amount payable under GEICO's policy with Terrance Sheehy." Complaint for Interpleader, pp 10-11.

The allegations of Plaintiff's Complaint for Interpleader concern actions taken by CMS and its contractor while enforcing the Medicare Secondary Payer Act, 42 U.S.C. 1395y(b). Thus, the Secretary of the United States Department of Health and Human Services (hereinafter "the Secretary") removed this case to the U.S. District Court for the District of Columbia pursuant to the federal officer removal statute, 28 U.S.C. § 1442(a)(1). Plantiff has filed a Motion to Remand this case to the Superior Court for the District of Columbia. Defendant opposes the Motion to Remand for the reasons set forth below.

## ARGUMENT

Although 28 U.S.C. § 1442 is commonly referred to as "the federal officer statute," the Federal Courts Improvement Act of 1996 expanded the class of federal defendants who are entitled to remove actions to include the United States or any of its agencies. Pub.L. No. 104-317, Title II, § 206(a)(1996). In Jefferson County v. Acker, 527 U.S. 423, 431 (1999), the United States Supreme Court described the grounds for removal under § 1442 as follows:

> Under the federal officer removal statute, suits against federal officers may be removed despite the nonfederal cast of the complaint; the federal question element is met if the defense depends upon federal law.

Jefferson County v. Acker, 527 U.S. 423, 431 (1999).  To establish that he is entitled to remove this action, the Secretary must demonstrate that this case concerns "an act under color of [federal] office," and must raise a "colorable federal defense"  Id.  Moreover, the Secretary need not demonstrate that he will prevail on the merits of any available defenses to succeed in removal, for he is not required "virtually to win his case before he can have it removed."  Id.  The Court in Jefferson "rejected a "narrow, grudging interpretation' of the statute . . . ."  Id.

Here, the Secretary of the Department of Health and Human Services is the federal official responsible for administering the Medicare program, which pays for covered medical items and services provided to certain individuals, including those with certain disabilities, pursuant to the provisions of the Medicare Act, 42 U.S.C. § 1395, et seq.  Prior to 1980, Medicare was the primary payer for covered medical items and services (except for items and services covered under a workers' compensation law or plan).  In 1980, Congress enacted a series of statutes designed to stem the skyrocketing costs of the Medicare program.  See H.R. Rep. No. 96-1167 (1980), reprinted in 1980 U.S.C.C.A.N. 5526, 5752.  These statutes – collectively known as the Medicare Secondary Payer ("MSP") provisions – generally require liability, automobile, no-fault insurers, and group health insurers to make the primary payment for services rendered to Medicare beneficiaries, leaving the Medicare program to provide benefits only as a "secondary" payer.  See Omnibus Reconciliation Act of 1980, Pub. L. No. 96-499, § 953, 94 Stat. 2599, 2647; 42 U.S.C. § 1395y(b) (Supp. IV 1980).

42 U.S.C. § 1395y(b)(2)(B)(i) permits Medicare to pay for a beneficiary's care when a

liability insurer, such as GEICO in this case, does not make payment, but conditions those payments on reimbursement after the primary plan makes payment. This mechanism permits a beneficiary to receive needed medical care, while ensuring that the Medicare Trust Fund will be reimbursed when payment becomes available from another source. See H.R. Rep. No. 96-1167 (1980), reprinted in 1980 U.S.C.C.A.N. at 5752 ("Under this provision, it is expected that Medicare will ordinarily pay for the beneficiary's care in the usual manner and then seek reimbursement from the private insurance carrier after, and to the extent that, such carrier's liability under the private policy for the services has been determined").

In the instant case, Plaintiff sued CMS because CMS made a claim against the proceeds of GEICO's insurance policy. (Notice of Removal at ¶ 8). CMS made this claim as it was required to under the Medicare Secondary Payer statute, and in so acting, CMS was enforcing the statute. Thus, this action undoubtedly implicates acts "under color of [federal office]."

Finally, the requirement that the Secretary raise a colorable federal defense is easily met here. The Secretary submits that at least two federal defenses require dismissal of Plaintiff's Complaint. First, it is axiomatic that the United States and its agencies and officers are immune from suit absent a waiver of such immunity. Dept. of Army v. Blue Fox, Inc., 525 U.S. 255, 260 (1998); FDIC v. Meyer, 510 U.S. 471, 475 (1994). See also Pani v. Empire Blue Cross Blue Shield, 152 F.3d 67, 73-75 (2nd Cir. 1998) (official immunity applied to Medicare contractor with respect to claims for negligence, tortious interference with business relationship, and breach of contract). Plaintiff points to no authority in support of the proposition that such a waiver exists here.

Second, the Secretary asserts that 42 U.S.C. § 405 (h) precludes the exercise of subject

matter jurisdiction over Plaintiff's claims. This section is incorporated into the Medicare Act at 42 U.S.C. § 1395ii, and precludes federal courts from exercising subject matter jurisdiction over claims "arising under" the Medicare Act except as expressly provided therein. Heckler v. Ringer, 466 U.S. 602, 615 (1984). Should the ongoing settlement negotiations not resolve this case, the Secretary intends to move to dismiss this case on grounds that Plaintiff's claims "arise under" the Medicare Act. See Buckner v. Heckler, 804 F.2d 258 (4th Cir. 1986) (beneficiary's claim to funds paid to hospital which had previously received Medicare conditional payment "arose under" Medicare Act). The Plaintiff is not a party entitled to pursue administrative remedies under the Medicare Act. Gariano v. CSC Insurance Co., 845 F. Supp. 1074, 1078 ((D. N.J. 1994) ("[t]he Medicare Act provides that only the Medicare beneficiary, his assignee, or the supplier or provider of Medicare services is entitled to utilize the Medicare appeals process."). Consequently, the United States has not waived sovereign immunity as to the Plaintiff's claims.

Courts have repeatedly found that state court actions involving Medicare claims are properly removed to federal court under 28 U.S.C. § 1442. For example, Hoste v. Shanty Creek Management, Inc., 246 F. Supp.2d 776 (W.D. Mich. 2002) was a state court personal injury action. Medicare had apparently paid for some medical services provided to plaintiff related to the personal injury. In an attempt to assist the parties in determining the liens and claims of various insurers to the proceeds of the action, the state court ordered the United States Attorney's Office to appear at a settlement conference. When the United States did not appear, the state court barred Medicare from asserting its claim. The United States removed the action to federal court. There, the federal district court found that the removal was appropriate, and stated:

> Because the state court's action or actions at issue arise from a

> right to a lien or other reimbursement created by federal law, there is no doubt that the requirement of official action is satisfied. In addition, because the United States asserts a sovereign immunity defense to the state court's action, a colorable federal defense is present.

Id. at 781.  See also Blue Cross/Blue Shield of Texas v. West, 508 F.2d 55, 58 (5th Cir.) (holding that state court action against Medicare contractor who suspended physician's Medicare payments was properly removed to federal court), cert. den'd, 422 U.S. 1043 (1975); Neurological Associates-H. Hooshmand, M.D., P.A., v. Blue Cross/Blue Shield of Florida, 632 F. Supp. 1078, 1080 (S.D. Fla. 1986) (same); Group Health Incorporated v. Blue Cross Association, 587 F. Supp. 887, 889-891 (S.D.N.Y. 1984) (holding that state court action which hospital purchaser brought against Medicare contractors for alleged errors in processing Medicare payments was  properly removed to federal court).

    Plaintiff has alleged, in support of its motion, that a different result is called for here because this is an action for interpleader, which Plaintiff claims is an *in rem* proceeding.  This is incorrect.  "Interpleader actions are *in personam*, not *in rem* . . . ." Metropolitan Property and Casualty Insurance Company v. Shan Trac, Inc., 324 F.3d 20, 25 (1st Cir. 2003), citing New York Life Insurance Co. v. Dunlevy, 241 U.S. 518, 521 (1916) (holding that an interpleader is an adjudication of personal rights and requires personal jurisdiction over the parties).[1]

---

[1] In addition, neither case that Plaintiff cited establishes that an interpleader action is an *in rem* action.  The Tenth Circuit did not state, in General Atomic Company v. Duke Power Company, 553 F.2d 53, 57 (10th Cir. 1977) that an interpleader action is an in rem action.  Instead, the 10th Circuit equivocated, stating only that an interpleader is "an in rem or quasi in rem suit in its nature." Id. at 57.  Moreover, the statement was dicta; the case held that the action failed to qualify as an interpleader because the plaintiff did not have possession of the property at issue and the defendants were not competing claimants.  Plaintiff's second case, General Accident Group v. Gagliardi, 593 F.Supp. 1080 (D. Conn.1984) stated only that "[a]n interpleader is analogous to an *in rem* proceeding." Id. at 1089.  Again, the reference was dicta.

Moreover, Plaintiff's reliance on the cases it cited was misplaced. Plaintiff claims, relying on Sheda v. The United States Department of the Treasury Bureau of the Public Debt, 196 F. Supp.2d 743, 745 (N.D. Ill. 2002), that the "primary purpose [of § 1442(a)] is to entitle federal employees and federal agencies to the protection of a federal forum in actions which threaten them with a monetary judgment or criminal proceedings." Sheda in no way suggests that the primary purpose is that limited. To the contrary, Sheda cites, among other cases, the United States Supreme Court in Willingham v. Morgan, 395 U.S. 402 (1969) which, according to Sheda, stated that "the primary reason for the statute was to provide a federal forum in which federal officers [and, after the statutory expansion of 1996, the United States and its agencies] could raise their defenses that arise out of their duty to enforce federal law." Sheda, supra. at 745. Here, CMS is acting to enforce the requirements of the federal Medicare Secondary Payer Act. Therefore, removal is consistent with the purpose of § 1442.

Plaintiff also relied on State of New Jersey v. Moriarty, 268 F. Supp. 546 (D. N.J. 1967), which is distinguishable. The case involved contraband which New Jersey state and local officials sought to forfeit pursuant to a state forfeiture statute. The Internal Revenue Service (IRS) had removed the case to federal court to enforce a tax lien and levy. The district court found that New Jersey officials had perfected the forfeiture before the IRS filed its lien. Consequently, the criminal defendant against whom the IRS had filed the tax lien no longer had any rights to the property. Because the IRS had no more rights than the criminal defendant, the district court remanded the action to state court. In doing so, the court noted "the delicate area of

---

That case held that a potential claimant who failed to answer an interpleader action had no right to the insurance proceeds that were the subject of that action.

interference with State penal proceedings not involving a Federal officer as a criminal defendant." Id. at 566. Moriarty is not applicable to the present case. Ms. Sheehy has the right to pursue payment of the $14,785.50. Moreover, pursuant to the Medicare Secondary Payer Act, CMS has a direct right to the $14,785.50, in addition to the subrogation rights it has through Ms. Sheehy. In addition, the present cause does not implicate criminal statutes.

     Here, the Secretary has demonstrated that this case concerns "an act under color of [federal] office," and that the case raises at least two "colorable federal defense[s]." Accordingly, the Secretary has established that he is entitled to remove this action to the U.S. District Court and Plaintiff's Motion to Remand should be denied.

                                               Respectfully submitted,

                                               _/s/_
                                        KENNETH L. WAINSTEIN, D.C. Bar #451058
                                        United States Attorney

                                               _/s/_
                                        RUDOLPH CONTRERAS, D.C. Bar #434122
                                        Assistant United States Attorney

                                             _/s/_
                                        WYNEVA JOHNSON, D.C. Bar #278515
                                        Assistant United States Attorney
                                        555 4th Street, N.W.
                                        Washington, D.C. 20530
                                        (202) 514-7224

OF COUNSEL:

Noreen C. O'Grady
Assistant Regional Counsel
Department of Health and Human Services.

**CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that on this ___ day, of August, 2006 the foregoing Defendant United States Department of Health and Human Services's Response to Plaintiff's Motion to Remand was served by first class, postage prepaid mail upon addressed as follows:

James S. Wilson, Esquire
Joan F. Brault, Esquire
Brault Graham, PLLC
101 S. Washington St.
Rockville, Maryland 20850

Jennifer Sheehy
2941 Newark St., N.W.
Washington, DC 20008

Group Hospitalization and
Medical Services, Inc.
840 First St, N.E.
Washington, D.C. 20065

 

_____
WYNEVA JOHNSON, D.C. Bar #278515
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530
(202) 514-7224