UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GOVERNMENT EMPLOYEES INSURANCE COMPANY ) ) ) ) ) Plaintiff, ) ) v. ) JENNIFER SHEEHY, et al. ) ) ) ) Defendants. ) ) ) | Civil Action No. 06-1196 (JR) |

### STIPULATION OF SETTLEMENT AND DISMISSAL

(1) In consideration of **Fourteen Thousand Seven Hundred Eighty Five Dollars and Fifty Cents ($14,785.50)**, lawful money of the United States of America paid by Government Employees Insurance Company (GEICO) unto the United States Department of Health and Human Services (the Department), the receipt of which is hereby acknowledged, each party to this action, namely GEICO, the Department, Group Hospitalization and Medical Services Corporation (GHMSC) and Jennifer Sheehy (Ms. Sheehy), does for it- or herself, its or her insureds, parent and subsidiary corporations, associates, agents, employees, heirs, executors, administrators, affiliates, successors, and assigns, hereby remise, release, and forever discharge each other party, its or her insureds, heirs, executors,

1

administrators, affiliates, parent and subsidiary corporations, successors and assigns, and/or its or her associates, agents or employees of and from any and all claims, demands, rights or causes of action, of whatever kind or nature, including any claim, lien or right of subrogation arising from an automobile accident involving Jennifer Sheehy which occurred on May 9, 1999, in Fairfax County, Virginia, that have been made or could be made under Policy No. 513-59-27, issued by GEICO to Terrence Sheehy of 2941 Newark St, NW, Washington D.C. 20008-3339, the D.C. No Fault Statute (D.C. Code § 31-2401 et seq.), the Medicare Secondary Payer Act (42 U.S.C. § 1395y(b)), including any claim for damages for the failure to satisfy any subrogated rights or rights of reimbursement under the Medicare Secondary Payer Act, or any other statute or applicable law that may exist or for any other reason, and including any claims or injuries which at this time are unknown and unanticipated and which may develop at some time in the future, all unforeseen developments arising from known injuries, but not including any claims arising from future treatment Ms. Sheehy may require as a result of the May 9, 1999, accident that Ms. Sheehy, the Department or GHMSC may have under any then existing coverage from Medicare or GHMSC, and except that, in keeping with Department policy and standard Department practices, the Department does not release or compromise any claims arising under: criminal law; any criminal, civil, or administrative claims, rights or defenses arising under Title 26, United States Code (Internal Revenue Code); or any claims, rights or defenses arising under 31 U.S.C. section 3729 et

seq. (False Claims Act), 31 U.S.C. section 3801 et seq. (Program Frauds Civil Remedies Act), or 42 U.S.C. section 1320a-7a (Civil Monetary Penalties Statute), and GEICO, Ms. Sheehy, and GHMSC do not release or compromise any claims, rights or defenses they may assert should the United States bring an action against them or any one of them under Title 26 of the United States Code, 31 U.S.C. section 3729 et seq., 31 U.S.C. section 3801 et seq., or 42 U.S.C. section 1320a-7a. In addition, the parties do not release or compromise any common law cause of action for fraud, if the fraud in any way induced the defrauded party to agree to this Stipulation; any obligations created by this Stipulation; or any claims, rights or defenses not specifically released or relinquished in this Stipulation.

**AS A FURTHER CONSIDERATION FOR THE MAKING OF SAID SETTLEMENT AND PAYMENT, IT IS EXPRESSLY WARRANTED AND AGREED:**

(2)  Presently pending is Complaint for Interpleader, captioned Government Employees Insurance Company v. Sheehy, et al., Case No. 06-1196(JR) (DDC) (the "Complaint for Interpleader"). In the Complaint for Interpleader, the Department, Ms. Sheehy, and GHMSC have competing claims to certain moneys allegedly due and owing under the terms of an Automobile Policy, Policy No. 513-59-27, issued by GEICO to Terrence Sheehy of 2941 Newark St, NW, Washington D.C. 20008-3339. The Parties to this Stipulation understand fully that this is a final settlement and disposition of all disputes and claims, present or future, known or unknown, between and among Government

Employees Insurance Company and the United States Department of Health and Human Services, Group Hospitalization and Medical Services Corp. and Jennifer Sheehy to insurance proceeds, or damages or liability of any kind, as a result of the aforementioned accident of May 9, 1999, except that this Stipulation is not a final settlement and disposition of the claims expressly excluded from release, discharge or settlement in paragraph (1) of this Stipulation.

(3)   The parties have entered into this Stipulation as a matter of convenience to compromise disputed claims and to avoid the time and costs of litigation. It is covenanted and agreed that nothing in this Stipulation of Settlement should be construed as or constitute an admission of liability or concession of any legal position or factual contention advanced by any party. The settlement of the parties' respective claims in this action shall not be used as the basis, in whole or in part, for any other action, suit, claim or cause of action, by any party against any other party.

(4)   Each party to this Stipulation shall be responsible for its or her own costs, expenses and attorney's fees.

(5) The parties covenant and agree that GEICO has fully and completely exhausted any and all benefits payable under the aforementioned policy issued to Terrence Sheehy and/or covering Jennifer Sheehy arising from the aforementioned accident of May 9, 1999, and that the Department, GHMSC, and Ms. Sheehy and their heirs, executors, successors and assigns, release and forever discharge GEICO and its affiliates, parent or subsidiary corporations,

successors and assigns and/or its associates, agents or employees of from any and all claims, known or unknown, that they presently have or may assert in the future, that arise by way of contract, statute, tort or otherwise arising out of or in any way related to the aforementioned accident of May 9, 1999, except that the Department, GHMSC, and Ms. Sheehy do not release or discharge GEICO from the claims expressly excluded from release, discharge, or settlement in paragraph (1) of this Stipulation.

(6)   This release is entered into in the District of Columbia and shall be construed and interpreted in accordance with its laws, except for those issues that are governed by federal law.

(7)   This Stipulation contains a complete description of the bargain between the parties. All material representations, understandings and promises of the parties are contained in this Stipulation.

(8)   This Stipulation sets forth the full and complete basis for resolution of this action. The terms of the Stipulation are contractual and shall be final and binding upon the parties, their successors, assigns, agents, and contractors upon execution by the signatories.

(9)   Any modification(s) of this Stipulation must be in writing and signed by all parties.

(10)  This Stipulation is entered into voluntarily and with full notice and opportunity to discuss its ramifications with counsel. Each of the signatories hereto asserts that he or she is authorized to execute this Stipulation on behalf of the

respective party.

(11) The above-styled action is dismissed with prejudice from the docket of the Court except that the Court shall have jurisdiction to reinstate this action to resolve a claim of noncompliance with the terms of this stipulation.

Executed this 27 day of September, 2006.

Respectfully submitted,

_____
JAMES S. WILSON
JOAN F. BRAULT
Brault Graham, PLC
101 S. Washington St.
Rockville, MD 20850

Attorneys for GEICO

_____
KENNETH L. WAINSTEIN, DC Bar # 451058
United States Attorney

_____
RUDOLH CONTRERAS, DC Bar # 434122
Assistant United States Attorney

_____
WYNEVA JOHNSON, D.C. Bar # 278515
Assistant United States Attorney
510 4TH Street, N.W., Room E4106
Washington, D.C. 20530
Counsel for United States Department of Health and Human Service, Centers for Medicare and Medicaid Services

_____
TERRENCE C. SHEEHY, D.C. Bar # 32482
1299 Pennsylvania Avenue, NW
Washington, DC 20004
Attorney for Jennifer Sheehy

_[signature]_
_____
Shannon J. Posner  DC Bar #475941
Attorney for Group Hospitalization and
Medical Services


SO ORDERED, on this _____ day of _____, 2006.


_____
UNITED STATES DISTRICT COURT JUDGE